**-FILED-**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JUN 22 2017

At _____ M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CAUSE NO. |
| | ) | |
| V. | ) | |
| | ) | 18 U.S.C. § 371 |
| JAMES E. RANOCHAK, | ) | 18 U.S.C. § 1347 |
| BRENT A. LOSIER and | ) | 21 U.S.C. §846 |
| CHARLES N. RINGGER | ) | 21 U.S.C. §841 |

**2  17 CR   73**

## INDICTMENT

THE GRAND JURY CHARGES:

### INTRODUCTION

At times material to this indictment:

### DR. JAMES E. RANOCHAK

1.  JAMES E. RANOCHAK was a doctor of medicine licensed to practice in the State of Indiana.  His office was located within the NORTH ANTHONY PHARMACY AND WELLNESS CENTER in Fort Wayne, Indiana.

2.  JAMES E. RANOCHAK was a general medical practice physician, who was not board certified in pain management or any other sub-specialty.

3.   JAMES E. RANOCHAK held a DEA registration to prescribe Schedule II, III, IV, and V controlled substances.

4.  JAMES E. RANOCHAK distributed controlled substances at his office by issuing prescriptions.

### BRENT A. LOSIER AND CHARLES H. RINGGER

5.  BRENT A. LOSIER owned and operated NORTH ANTHONY PHARMACY AND WELLNESS CENTER located in Fort Wayne, Indiana.

1

6.      BRENT A. LOSIER was a pharmacist licensed by the State of Indiana to dispense medicine and authorized by the DEA to fill and distribute prescriptions for controlled substances for legitimate medical purposes.

7.      CHARLES A. RINGGER was a pharmacist licensed by the State of Indiana to dispense medicine and authorized by the DEA to fill and distribute prescription for controlled substances for legitimate medical purposes.  CHARLES A. RINGGER worked as a pharmacist at NORTH ANTHONY PHARMACY AND WELLNESS CENTER.

8.      Pharmacists dispense controlled substances upon filling the prescriptions for those substances.

9.      Methadone, a controlled opioid narcotic, is a schedule II controlled substance, pursuant to Title 21, United States Code, Section 812.

10.      Hydrocodone, a controlled opioid narcotic, is a schedule II controlled substance, pursuant to Title 21, United States Code, Section 812.

11.      Testosterone, an anabolic steroid, is a schedule III controlled substance, pursuant to Title 21, United States Code, Section 812.

## DISTRIBUTING AND DISPENSING PRESCRIPTIONS

12.  Federal law required that all controlled substances prescriptions be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his or her professional practice.

13.  Before issuing a prescription to a patient, Indiana law required a documented patient evaluation, including a history and physical evaluation adequate to establish a diagnosis and plan of treatment.

14.     Both doctors and pharmacists, under Indiana administrative law, were responsible for properly prescribing and dispensing controlled substances.

15.     Indiana administrative law also required a pharmacist to be sure beyond a reasonable doubt in his or her professional judgment that the doctor was issuing a prescription in good faith.

## COUNT 1
(Conspiracy to Illegally Dispense and Distribute Controlled Substances)

16.     Beginning in or about January 2012 and continuing to in or about September 2013, in the Northern District of Indiana, the defendants,

**JAMES E. RANOCHAK, BRENT A. LOSIER and
CHARLES N. RINGGER,**

conspired, combined, confederated and agreed to knowingly and intentionally distribute and dispense, respectively, controlled substances, specifically Methadone, Hydrocodone and Testosterone outside the scope of professional practice and not for legitimate medical purposes, in violation of Title 21, United States Code, Section 841(a)(1).

ACTS IN FURTHERANCE OF THE CONSPIRACY

17.     It was part of the conspiracy that CHARLES N. RINGGER and BRENT A. LOSIER decided if a patient would be permitted to meet with JAMES E. RANOCHAK.

18.     It was part of the conspiracy that CHARLES N. RINGGER and BRENT A. LOSIER kept JAMES E. RANOCHAK'S patient medical files in the pharmacy area rather than the office occupied by JAMES E. RANOCHAK.

19.     It was further part of the conspiracy that CHARLES N. RINGGER and BRENT A. LOSIER would make entries in the patient charts, run patient profiles through the Indiana Prescription Monitoring Program System and run urine screens on patients.

3

20.     It was further part of the conspiracy that CHARLES N. RINGGER would make the decision as to whether or not a patient would be required to take a urine screen.

21.     It was further part of the conspiracy that patients required to take a urine screen had to pay for the screen with cash and the payment had to be  given directly to CHARLES N. RINGGER.

22.     It was further part of the conspiracy that CHARLES N. RINGGER would purchase drug screen kits via the internet, or in at least one instance, at a local dollar store, which were then used to "test" patients who wanted to see JAMES E. RANOCHAK.

23.     It was further part of the conspiracy that patients who failed urine screens were often still able to receive controls if they paid a cash fine/penalty to CHARLES N. RINGGER and JAMES E. RANOCHAK.

24.     It was further part of the conspiracy that patients failing drug screens were counseled by CHARLES N. RINGGER on how to pass the drug screen.

25.     It was further part of the conspiracy that BRENT A. LOSIER would sign prescriptions for controlled drugs as JAMES E. RANOCHAK, including times when JAMES E. RANOCHAK was not present in the office, and then cause those same prescriptions to be filled at NORTH ANTHONY PHARMACY AND WELLNESS CENTER.

26.     It was further part of the conspiracy that a sign posted in the office of JAMES E. RANOCHAK warned patients that all prescriptions they received from him, both controls and non-controls, had to be filled at North Anthony Pharmacy.

27.     It was further part of the conspiracy that JAMES E. RANOCHAK would issue prescriptions for schedule II and III controlled substances, including testosterone, hydrocodone and methadone, to patients without conducting any type of physical examination or performing any medical tests.

4

28.     It was further part of the conspiracy that JAMES E. RANOCHAK posted a sign in his office informing pain management patients that he charged more for the office visit if the patient was coming in early for pain medication refills.

29.     It was part of the conspiracy that JAMES E. RANOCHAK would routinely start patients at high dosages of controlled substances despite knowing that the use of controlled substances could result in or continue dependence and addiction.

30.     It was part of the conspiracy that defendant JAMES E. RANOCHAK rarely, if ever, counseled patients on alternative treatments, such as physical therapy, psychological or addiction counseling, surgery, or referrals to pain management centers.

31.     It was part of the conspiracy that JAMES E. RANOCHAK never sought to ensure that patients to whom he was prescribing Testosterone, a Schedule III controlled drug, actually suffered from a Testosterone deficiency.

32.     It was further part of the conspiracy that defendant JAMES E. RANOCHAK, although not a specialist in pain management took patients into his practice who were seeking controlled substance prescriptions, allegedly for pain, including 14 patients who traveled more than 50 miles in search of controlled substance prescriptions.

33.     It was further part of the conspiracy that defendant JAMES E. RANOCHAK issued controlled substance prescriptions to patients with reported history of drug abuse, premature requests for refills, failed urine drug screen tests.

34.     It was further part of the conspiracy that BRENT A. LOSIER and CHARLES N. RINGGER filled or caused to be filled medically unnecessary controlled substance prescriptions, issued by JAMES E. RANOCHAK, to patients, including people who traveled over 50 miles to see a general practice doctor, as well as patients with reported histories of drug abuse, premature requests for refills and failed urine drug screens.

35.     It was further part of the conspiracy that prescriptions issued by JAMES E. RANOCHAK accounted for approximately 90% of the prescriptions filled by BRENT A. LOSIER and CHARLES N. RINGGER at North Anthony Pharmacy and Wellness Center.

36.     It was further part of the conspiracy that JAMES E. RANOCHAK would document medical information in the patient's chart which was fictitious and completely fabricated in an effort to justify the prescriptions he issued to patients.

37.     It was further part of the conspiracy that JAMES E. RANOCHAK, BRENT A. LOSIER and CHARLES N. RINGGER mandated patients fill all of their prescriptions, whether wanted or needed by the patient, prior to being able to obtain their controlled substance prescription.

All in violation of Title 21, United States Code, Section 846.

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 2**</u>
(Distributing a Controlled Substance)

On or about March 28, 2013, in the Northern District of Indiana, the defendants,

**JAMES E. RANOCHAK, BRENT A. LOSIER and
CHARLES N. RINGGER**,

registrants authorized to distribute and dispense, respectively, controlled substances, knowingly distributed and dispensed a prescription for Androgel (testosterone), a Schedule III controlled substance to patient JR outside the scope of professional practice and not for legitimate a medical purpose.

All in violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 3**</u>
(Distributing a Controlled Substance)

On or about April 23, 2013, in the Northern District of Indiana, the defendants,

**BRENT A. LOSIER and CHARLES N. RINGGER,**

registrants authorized to distribute and dispense, respectively, controlled substances,

knowingly distributed and dispensed testosterone, a Schedule III controlled substance,

without a valid prescription to patient SB outside the scope of professional practice and not

for legitimate medical purpose.

All in violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 4**</u>
(Distributing a Controlled Substance)

On or about May 20, 2013, in the Northern District of Indiana, the defendants,

**JAMES E. RANOCHAK, BRENT A. LOSIER and
CHARLES N. RINGGER,**

registrants authorized to distribute and dispense, respectively, controlled substances,

knowingly distributed and dispensed testosterone, a Schedule III controlled substance, to

patient AW outside the scope of professional practice and not for legitimate medical purpose.

All in violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 5**</u>
(Distributing a Controlled Substance)

On or about August 8, 2012, in the Northern District of Indiana, the defendants,

**JAMES E. RANOCHAK, BRENT A. LOSIER and
CHARLES RINGGER,**

registrants authorized to distribute and dispense, respectively, controlled substances,

knowingly distributed and dispensed methadone, a Schedule II controlled substance to

patient JJM outside the scope of professional practice and not for legitimate medical

purpose.

All in violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 6**</u>
(Distributing a Controlled Substance)

On or about April 17, 2013, in the Northern District of Indiana, the defendants,

**JAMES E. RANOCHAK, BRENT A. LOSIER and
CHARLES N. RINGGER,**

registrants authorized to distribute and dispense, respectively, controlled substances, knowingly distributed methadone, a schedule II controlled substance, without a valid prescription to patient AJ outside the scope of professional practice and not for legitimate medical purpose.

All in violation of Title 21, United States Code, Section 841(a)(1).

11

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 7**</u>
(Distributing a Controlled Substance)

On or about May 13, 2013, in the Northern District of Indiana, the defendants,

**JAMES E. RANOCHAK, BRENT A. LOSIER and
CHARLES N. RINGGER**,

registrants authorized to distribute and dispense, respectively, controlled substances, knowingly distributed methadone, a schedule II controlled substance, to patient RS outside the scope of professional practice and not for legitimate medical purpose;

All in violation of Title 21, united States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 8**</u>
(Distributing a Controlled Substance)

On or about August 31, 2012, in the Northern District of Indiana, the defendants,

**JAMES E. RANOCHAK, BRENT A. LOSIER and
CHARLES N. RINGGER,**

registrants authorized to distribute and dispense, respectively, controlled substances, knowingly distributed methadone, a schedule II controlled substance, to patient ES  outside the scope of professional practice and not for legitimate medical purpose;

All in violation of Title 21, united States Code, Section 841(a)(1).

13

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 9**</u>
(Distributing a Controlled Substance)

From on or about May 6, 2013 in the Northern District of Indiana, the defendants,

**JAMES E. RANOCHAK, BRENT A LOSIER and
CHARLES N. RINGGER,**

registrants authorized to distribute and dispense, respectively, controlled substances,

knowingly distributed and dispensed methadone, a Schedule II controlled substance along

with Androgel (testosterone), a Schedule III controlled substance to patient DW outside the

scope of professional practice and not for legitimate medical purpose.

All in violation of Title 21, united States Code, Section 841(a)(1).

14

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 10
(Conspiracy to Commit Health Care Fraud)

### INTRODUCTION

1.      Paragraphs 1- 15 of Count 1 are re-alleged here.

2.      Medicaid is a joint federal–state program administered by the states under Federal guidance.  The Indiana Medicaid Program provided medical care to eligible individuals, including disabled and indigent families with dependent children.

3.      Indiana Medicaid required individuals and businesses seeking to provide services to Indiana Medicaid to enroll in the program as providers.

4.      Enrolled providers were required to abide by the rules, regulations, policies and procedures governing reimbursement for the services they supplied to Medicaid recipients.

5.      Providers enrolled in the Indiana Medicaid program could only submit claims for medically and reasonably necessary services covered under the program.

6.      Indiana Medicaid provided direct payment to enrolled service providers.  The federal government then reimbursed the State of Indiana approximately two-thirds of each payment.

7.      Indiana Medicaid is a health benefit program as defined under Title 18, United States Code, Section 24(b).

8.      Federal law required a pharmacist only to dispense a Schedule II controlled substance pursuant to a written prescription signed by the practitioner, unless an emergency existed. The quantity of the emergency supply was limited to the amount adequate to treat the patient during the emergency.

9.     NORTH ANTHONY PHARMACY AND WELLNESS CENTER was an enrolled provider in the Indiana Medicaid Program.  BRENT E. LOSIER was identified to Indiana Medicaid as the owner of NORTH ANTHONY PHARMACY.

10.     At all times relevant to this charge CHARLES N. RINGGER was the pharmacist in charge at NORTH ANTHONY PHARMACY.

11.     At all times relevant to this charge JAMES E. RANOCHAK was the primary physician operating out of NORTH ANTHONY PHARMACY.

12.     Oxytocin is a peptide hormone used as a medication to facilitate childbirth.

13.     Progesterone is a hormone used to treat reproductive, menstrual and menopausal symptoms.

14.     Anastrozole is a medication used in the treatment of breast cancer and swollen breast tissue in men.

15.     Estradiol is a hormone used to treat menopause, removal of the ovaries, prostate cancer, breast cancer and osteoporosis.

## CONSPIRACY TO DEFRAUD INDIANA MEDICAID PROGRAM

16.     Beginning in or about March 2012 and continuing to in or about September 2013, in the Northern District of Indiana, the defendants

### JAMES E. RANOCHAK, BRENT A. LOSIER, and CHARLES N. RINGGER,

knowingly and willfully executed a scheme and artifice to defraud Indiana Medicaid, a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money under the custody and control of said health care benefit program, in violation of Title 18, United States Code, Section 1347.

16

## PURPOSE OF THE CONSPIRACY

17.     It was the purpose of the conspiracy for JAMES E. RANOCHAK, BRENT A. LOSIER and CHARLES N. RINGGER to, unlawfully enrich themselves, by among other things, causing the submission of thousands of dollars in false and fraudulent claims to Indiana Medicaid for medically unnecessary drugs that lacked legitimate medical purpose.

18.     It was the purpose of the conspiracy for JAMES E. RANOCHAK, BRENT A. LOSIER and CHARLES N. RINGGER to, unlawfully enrich themselves, by among other things, causing the submission of claims to Indiana Medicaid for non-emergency supplies of controlled drugs that issued to patients without a physician actually seeing the patients or authorizing the prescriptions.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

19.     It was part of the conspiracy that JAMES E. RANOCHAK posted a sign in his office warning patients that if they received prescriptions from him all of the prescriptions he issued had to be filled at NORTH ANTHONY PHARMACY.

20.     It was further part of the conspiracy that JAMES E. RANOCHAK, BRENT A. LOSIER, and CHARLES N. RINGGER required patients fill all of their prescriptions, regardless of whether or not the patient wanted or needed the medications, prior to receiving  their controlled substance prescriptions.

21.     It was further part of the conspiracy that JAMES E. RANOCHAK, BRENT A. LOSIER, and CHARLES N. RINGGER required patients to pay for their office visits in cash, at the pharmacy counter, before they were permitted to go to the office where JAMES E. RANOCHAK saw patients.

22.     It was further part of the conspiracy that from on or about April 11, 2012 continuing through on or about September 4, 2013, defendant JAMES E. RANOCHAK

17

issued approximately 22 medically unnecessary prescriptions for drugs such as Methadone, Progesterone, Oxytocin, and Estradiol to patient ES which were filled at NORTH ANTHONY PHARMACY  by defendants BRENT A. LOSIER and CHARLES N. RINGGER and billed to Indiana Medicaid.

23.     It was further part of the conspiracy that JAMES E. RANOCHAK would sign blank prescription forms and leave the forms with BRENT A. LOSIER and CHARLES N. RINGGER to use and complete when he was out of the office.

24.     It was further part of the conspiracy that from June 20, 2012 continuing through May 13, 2013, defendant JAMES E. RANOCHAK issued approximately 14 medically unnecessary prescriptions for drugs such as Hydrocodone to patient AW which were filled at NORTH ANTHONY PHARMACY by defendants BRENT A LOSIER and CHARLES N. RINGGER and billed to Indiana Medicaid.

25.     It was further part of the conspiracy that from October 8, 2012 continuing through July 5, 2013, defendant JAMES E. RANOCHAK issued approximately 22 medically unnecessary prescriptions for drugs such as Methadone, Hydrocodone, Testosterone, Progesterone, Oxytocin and Anastrozole to male patient DW which were filled at NORTH ANTHONY PHARMACY  by defendants BRENT A . LOSIER and CHARLES N. RINGGER and billed to Indiana Medicaid.

26.     It was further part of the conspiracy that on or about March 28, 2013 continuing through or about May 20, 2013, defendants, BRENT A. LOSIER and CHARLES N. RINGGER filled four medically unnecessary prescriptions for Androgel (Testosterone) to patient JR.  Defendants BRENT A. LOSIER and CHARLES N. RINGGER billed these prescriptions to Indiana Medicaid.

27.     It was further part of the conspiracy that on or about April 22, 2013, while JAMES E. RANOCHAK was on a 3-4 day vacation at Disneyworld in Florida, thirty day

supplies of Methadone were issued to patients VH and RLP by defendants  BRENT A. LOSIER and CHARLES N. RINGGER, without obtaining a legitimately signed prescription from JAMES E. RANOCHAK.  The prescriptions were billed to and paid for by Indiana Medicaid.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLLEGATION

1.   The allegations contained in Counts 1 through 10 of this indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853 and Title18, United States Code, Section 982(a)(7).

2.   Upon conviction of the offenses (Counts 1-9) in violation of Title 21, United States Code, Sections 841(a)(1) and 846, defendants JAMES E. RANOCHAK, BRENT A. LOSIER and CHARLES RINGGER, shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the commission of such offenses; and any property used, or intended to be used in, in any manner or part, to commit, or to facilitate the commission of such offenses.

3.   Upon conviction of the offense (Count 10) in violation of Title 21, United States Code, Sections 1347 and 371, defendants JAMES E. RANOCHAK, BRENT A. LOSIER and CHARLES RINGGER, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

4.   If any of the property described above, as a result of any act or omission of the defendants:

   a.   cannot be located up on the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third party;

   c.   has been placed beyond the jurisdiction of the court;

   d.   has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty, the United States of American shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

s/Foreperson
FOREPERSON

APPROVED:

CLIFFORD D. JOHNSON
ACTING UNITED STATES ATTORNEY

BY: s/Diane L. Berkowitz
    Diane L. Berkowitz
    Assistant United States Attorney