# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:17-CR-73 JVB<br>Case No. 2:17-CR-117 |
| JAMES E. RANOCHAK, et al. | |

## OPINION AND ORDER

This matter is before the Court on the motion of Defendants James Ranochak, Brent Losier, and Charles Ringger filed in Case No. 2:17-CR-73 (DE 110)[1] to suppress evidence and an identical motion (DE 39) filed by Ranochak in Case No. 2:17-CR-117.

**A.    Background**

Defendants all worked at 3537 North Anthony Boulevard ("3537") in Fort Wayne, Ranochak as a doctor and Losier and Ringger as pharmacists. A company called North Anthony Pharmacy and Wellness Center Inc., owned by Losier, leased the entire building at 3537 from the owner. According to the lettering on the door, North Anthony Pharmacy occupied Suite A of the building and Ranochak's office was in Suite B. Ranochak was a sublessee of Losier.

Sometime before September 11, 2013, various law enforcement agencies began investigating the operations at 3537. As part of the investigation, a search warrant was executed at 3537 on that date. The search warrant identified the search location as "North Anthony Pharmacy and the office of Dr. James E. Ranochak, Suites A & B located at 3537 North Anthony Blvd., Fort Wayne, IN, a single story commercial building."

---

[1] Ranochak filed the original motion. Ringger (DE 115) and Losier (DE 118) later filed notices of joinder in the motion.

Sometime after undercover operations at 3537 ended but before the search warrant was executed, a business called Pathology Laboratories ("Path Labs") and Dr. Syed Sohail moved into the building. They also were sublessees of Losier. In addition to the pharmacy and Ranochak's office, Dr. Sohail's office and Path Labs's office, as well as a filing room that Defendants claim was part of the area covered by Dr. Sohail's lease, were searched on September 11. Many items were seized from these areas, especially the file room, where Ranochak kept his patient files.

Defendants insist that their Fourth Amendment rights were violated because the search extended beyond the pharmacy and Ranochak's office and that the evidence seized from anywhere but those areas must be suppressed.

**B.** **Discussion**

The Court must first decide whether any of the Defendants has the legal right to challenge the seizure of evidence from areas they did not lease. The Fourth Amendment right to be free from unreasonable searches and seizures is a personal right that can only be asserted by the individual whose rights are violated. *United States v. Swift*, 220 F.3d 502, 510 (7th Cir. 2000). The question, as to each Defendant, is whether that Defendant had a subjective expectation of privacy that society recognizes as reasonable in the areas beyond Suites A and B at 3537. *See Kyllo v. United States*, 533 U.S. 27, 33 (2001). Defendants have the burden of showing a reasonable expectation of privacy. *See United States v. Torres*, 32 F.3d 225, 230 (7th Cir. 1994). Moreover, Defendants must have a privacy interest in both the seized items and the area where the items were found. *See United States v. Mendoza*, 438 F.3d 792, 795 (7th Cir.

2

2006). Some of the factors a court must consider are whether (1) the person had a possessory interest in the place that was searched; (2) the person had a right to exclude others from that place; (3) the person exhibited a subjective expectation that the place remain free from governmental invasion; (4) the person took normal precautions to protect his privacy; and (5) the person was legitimately on the premises. *United States v. Duprey*, 895 F.2d 303, 309 (7th Cir. 1989).

It is clear that none of the three Defendants had such reasonable expectations regarding Dr. Sohail's office and the Path Labs office. The only relationship Ranochak and Ringger had to those areas was that they were co-tenants in the same building. The Court is not aware of any case that recognizes a reasonable expectation of privacy in such circumstances. Likewise, Losier's status as the sublessor of those premises gives him no such expectations. Because no Defendant can claim his Fourth Amendment rights were personally violated by the search of the Sohail and Path Labs offices, no items seized from these areas will be suppressed. Moreover, as to the file room, Losier and Ringger have not persuaded the Court that they have any reasonable expectations of privacy regarding that area or the items seized there, which according to the evidence, consisted only of patient files belonging to Ranochak and Dr. Sohail, not pharmacy records.

The search of the file room that Defendants claim was part of Dr. Sohail's office requires a different analysis with regard to Ranochak because he kept his patient files there. Even assuming, without deciding, that he did have a reasonable expectation of privacy as to the file room, the Court concludes that Ranochak's Fourth Amendment rights were not violated by the search of that room because it was a functional part of his suite B and as such was covered by the

search warrant.

The Court finds that the file room was not marked in any way that would give the searching officers notice that it was a part of the premises not occupied by Ranochak. The law enforcement officers who testified at the suppression hearing all stated that they did not remember any suite designations inside 3537 and that, if they had encountered rooms designated as C and D, they would have gotten in touch with the AUSA in charge of the investigation, which they did not do. According to the markings on the outside door to 3537, the building contained only Suites A and B. While stenciling on the door did indicate that Path Labs was on the premises, no suite number was given, so that searchers could reasonably conclude that it was a part of Suite A or B. Defendants introduced a letter purportedly from Dr. Sohail to a Drug Enforcement Agency supervisor of operations. Tellingly, in the letter he states that his clinic was registered as Suite C with the post office, but doesn't claim that either of the rooms he purportedly leased as Suite C were marked as such inside the building.

There was much conflicting testimony about whether the rooms inside 3537 had suite designations on the day of the search. The Court credits the testimony of Dawn Baisden, who worked for Path Labs at 3537 only during the month of September 2013. She started work there on September 1 and resigned at the end of the month. Dr. Sohail became a tenant at 3537 sometime after she started. She testified that she saw no plaques inside the building designating any of the rooms as Suite A, B, C, or D. Patients knew which room to go to for Path Labs's services because Ringger or Losier would escort them there.

Baisden's testimony is the most reliable because she was only at 3537 for a short period of time that included September 11, 2013. Other witnesses who worked there longer periods of

time may be remembering a time after the search warrant was executed, when suite identification plaques were placed inside the building. Because both Path Labs and Dr. Sohail had very recently moved into 3537, it is entirely believable that as of September 13 they had not yet put suite designations in place.

Ranochak testified that both Dr. Sohail's office and the file room located across the waiting room were identified as Suite C when the search warrant was executed. The Court does not believe his testimony as it concerns the file room. There would be no need to identify the file room to patients (or employees at 3537) as part of Suite C, if in fact it was.[2]

The Court concludes that the officers executing the search warrant reasonably believed that the file room was part of Ranochak's Suite B and, as the place where he kept his records, the file room was, in fact, functionally a part of Suite B. Accordingly, the evidence seized from the file room will not be suppressed.

At the close of the final installment of the hearing on this motion, Losier raised the argument that probable cause for the search warrant that was executed on September 11, 2013, was lacking because it was based on stale evidence. In his post-hearing brief, Losier argues that because the evidence upon which the probable cause affidavit in support of the warrant was based was gathered between June 20, 2012, and May 20, 2013, but the warrant was applied for on September 6, 2013, and new tenants had moved into 3537 in the meantime, probable cause was lacking.

The Court finds no merit in this argument. Probable cause to search Path Labs and Dr. Sohail's office was lacking, but, as we have seen, these Defendants have no right to challenge

---

[2]Defendants did not see fit to introduce Dr. Sohail's lease into evidence.

5

those searches. Without question, probable cause to search Suites A and B existed. A few days before the search warrant application an agent went to 3537 and confirmed, with photographic evidence in the form of a picture of the front door, that North Avenue Pharmacy and Ranochak still occupied Suites A and B there. The lapse of time between the end of the investigation and the execution of the warrant, about three and one-half months, was not so long as to make it unlikely that the items to be seized would no longer be found there, especially when coupled with the fresh confirmation that the targets of the investigation were still located there. The dates of the undercover operations were set out in the search warrant affidavit so that the issuing magistrate judge was fully informed of the gap and still found probable cause. Furthermore, the searching officers relied in good faith on the warrant in conducting the search. Accordingly, no evidence will be suppressed on account of the alleged staleness of the evidence to support probable cause.

**C.    Conclusion**

For the foregoing reasons, the motion to suppress joined in by all Defendants in Case No. 2:17-CR-73 (DE 110) and Ranochak's motion to suppress in Case No. 2:17-CR-117 (DE 39) are DENIED.[3]

SO ORDERED on August 12, 2019.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge

---

[3] Contrary to the Government's assertion in its post-hearing brief, the Court denied the motion filed as Docket Entry 45 in Case No. 2:17-CR-73 by an order dated December 21, 2018 (DE 125).